953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard David BATEMAN, Defendant-Appellant.
 No. 90-50603.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided Feb. 7, 1992.
 
 Before WALLACE, Chief Judge, JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard David Bateman was convicted after a jury trial of conspiring to manufacture methamphetamine and to possess methamphetamine with the intent to distribute (21 U.S.C. §§ 841(a)(1), 846)); manufacturing and attempting to manufacture methamphetamine ((21 U.S.C. §§ 841(a)(1), 846)); possessing methamphetamine with the intent to distribute (21 U.S.C. § 841(a)(1)); and using or carrying a firearm during the commission of a drug trafficking crime (18 U.S.C. § 924(c)(1)). Bateman waived a jury trial and was convicted after a bench trial of being an ex-felon in possession of a firearm (18 U.S.C. § 922(g)(1)).
 
 
 3
 Bateman was sentenced to 264 months in prison on the methamphetamine counts, followed by a mandatory 60-month prison term for violating 21 U.S.C. § 924(c)(1). Bateman was also sentenced to 60 months in prison for being an ex-felon in possession of a firearm, to be served concurrently with the 264-month sentence. Bateman appeals his conviction and his sentence.
 
 
 4
 * Bateman argues the government's conduct during the investigation of this case was so outrageous as to violate the Due Process Clause. He argues the indictment should have been dismissed on this ground. Bateman failed to raise this claim in the trial court, and the facts upon which it is based are not part of the record in this case. Bateman asks, however, that we take judicial notice of the appeals filed by other persons named in the same indictment, who did properly move to dismiss the indictment on the ground of outrageous government misconduct.
 
 
 5
 In United States v. Allen, No. 90-50666, slip op. at 991 (9th Cir. January 31, 1992), we held the government's conduct in conducting the investigation of this case, which involved running a chemical supply business as a "sting" operation, did not violate the Due Process Clause. Since Bateman does not contend his claim differs from the claim in Allen, there is no error, plain or otherwise.
 
 II
 
 6
 Bateman argues there was insufficient evidence to support his convictions. There is sufficient evidence to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Bateman failed to preserve this issue in the district court. Even if he had preserved the issue, we would not reverse.
 
 
 7
 Bateman argues that because the government's purportedly illicit "sting" operation "supplied one element of the conspiracy"--an overt act--there was insufficient evidence on the conspiracy count. This argument is predicated on a finding of misconduct by the government in conducting the "sting" operation, and therefore does not survive Allen.
 
 
 8
 Bateman next argues there was insufficient evidence he knew how to "cook" methamphetamine. When law enforcement officers searched Bateman's residence, they found a laboratory in the garage where the methamphetamine manufacturing process was in progress, along with methamphetamine, the chemicals necessary to manufacture methamphetamine, and pamphlets describing how to manufacture methamphetamine. Bateman, the sole occupant of the house at the time, was captured as he came running out of the garage with chemical stains and burns on his body and had to be hosed down by the officers. Bateman's clothing smelled of hydriotic acid, used to manufacture methamphetamine. Clothing found in Bateman's closet was also damaged by chemicals. This was sufficient evidence for a jury to find Bateman knew how to "cook."
 
 
 9
 Bateman argues there was insufficient evidence the house containing the methamphetamine laboratory was his residence. The government introduced a copy of Bateman's driver's license listing the house as his address. Further, Bateman's clothing was in the closet of the house, and he was the sole occupant of the house when police conducted their search. This was sufficient evidence to connect Bateman with the house.
 
 
 10
 Bateman also argues there was insufficient evidence he possessed the guns present at the residence. Since there was evidence the house was Bateman's residence, and at least one of the guns was hanging in plain view, the jury reasonably could have inferred the gun belonged to Bateman. We reject Bateman's arguments that the evidence in this case was insufficient to sustain the convictions.
 
 III
 
 11
 Bateman challenges his sentence on several grounds. First, Bateman argues the district judge should have exercised his discretion to depart downward from the range supplied by the Sentencing Guidelines so that Bateman's sentence would match the sentence of his codefendant. Avoiding unequal treatment of codefendants is not a permissible reason for a downward departure, United States v. Mejia, No. 91-50005, slip op. at 17004 (9th Cir. Dec. 24, 1991), so the district court did not err in refusing to depart for this purpose.
 
 
 12
 Second, Bateman argues the district court erroneously concluded the minimum, mandatory sentence for one of his offenses was 10 years, rather than 5 years. However, since the Guidelines range applicable to Bateman--235 to 293 months--far exceeded even the 10-year statutory minimum, it is unnecessary to reach this issue. The district court was bound to impose a sentence within the range provided by the Guidelines, regardless of which statutory minimum applied.
 
 
 13
 Third, Bateman argues the district judge erred in adding two points to Bateman's offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. The two-point adjustment was based on Bateman's flight and his destruction of evidence. Bateman argues mere flight from the scene of arrest, without more, does not constitute obstruction of justice for the purposes of § 3C1.1. We agree. See United States v. Madera-Gallegos, 945 F.2d 264, 267-68 (9th Cir.1991). However, Bateman did not flee in the aftermath of the crime. According to the presentence report, although Bateman was aware of an outstanding warrant for his arrest and told a San Diego County Probation Officer on March 29, 1989 that he would surrender voluntarily to face the charges against him, Bateman instead absconded and remained a fugitive until February 23, 1990. This sort of flight does constitute obstruction of justice under § 3C1.1. United States v. Mondello, 927 F.2d 1463, 1466-67 (9th Cir.1991). Bateman does not challenge the other ground given for the district court's finding of obstruction: his attempted destruction of evidence.
 
 
 14
 Fourth, Bateman argues the district court erred in adding two points to his offense level for being an organizer, leader, manager or supervisor of the criminal activity, see U.S.S.G. § 3B1.1(c). Bateman argues the court should instead have subtracted two points because Bateman's role was minor, see § 3B1.2(b). We will uphold the district court's determination that the defendant was a leader or organizer unless it is clearly erroneous. United States v. Martinez-Duran, 927 F.2d 453, 459 (9th Cir.1991).
 
 
 15
 The evidence introduced at trial indicates that Bateman was operating a methamphetamine laboratory in his residence capable of producing substantial amounts of methamphetamine for distribution. In doing so, Bateman directed others to purchase chemicals for him. This supports the district court's finding that Bateman was an organizer or leader of the criminal activity, rather than a minimal participant. Accordingly, the district court's imposition of a two-point increase pursuant to § 3B1.1(c), and its rejection of the two-point decrease provided in § 3B1.2(b), were not clearly erroneous.
 
 
 16
 Fifth, Bateman argues the district court erred in imposing a fine of $25,000. The fine imposed was the minimum provided by the Guidelines for Bateman's offense. Bateman did not object to the fine, declined to cooperate with the probation department, and did not provide the court with any information concerning his financial status. While a fine may be waived by the district court if a defendant is unable to pay, it is the defendant's burden to show he cannot pay the fine. United States v. Rafferty, 911 F.2d 227, 232-33 (9th Cir.1990). Because Bateman did not meet this burden, and the record contains no facts to show he cannot pay the fine, the district court did not err in imposing it.
 
 
 17
 Sixth, Bateman, age 43 at the time of sentencing, argues his combined sentence of 324 months in prison is so lengthy that it constitutes a "de facto life sentence" and that due process requires the procedural safeguards of the Death Penalty Act be followed in imposing such a sentence. The Act never became law, and, in any event, the sections Bateman cites would not have applied to sentences other than death.
 
 
 18
 We AFFIRM the conviction and the sentence.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3